## HOLMES, Admr. v PRUDENTIAL INSURANCE CO. OF AMERICA

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3080. Decided Aug. 4, 1939

Carl H. Valentine, Columbus, for defendant-appellee, and for the motion.

C. M. Addison, Columbus, and F. S. Monnett, Columbus, for plaintiff-appellant, and contra the motion.

**OPINION**

BY THE COURT:

Submitted on motion of defendant-appellee to dismiss the appeal for the reason that the notice of appeal does not conform to the provisions of law. The notice of appeal is as follows:

"Now comes Angus M. Holmes, administrator of the estate of David H. Jacques, deceased, and gives notice to appeal this cause to the Court of Appeals."

The claim of the movant is that the notice is ineffective in that it does not comply with that portion of §12223-5, GC, which requires that,

"The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact."

The statute further provides,

"Failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

The judgment to which the notice of appeal obviously is directed was entered of date June 28, 1939. The original notice of appeal was filed within the statutory time, namely, 20 days after the entry of the judgment. After the time within which the notice of appeal should have been given appellant tendered an amended notice of appeal which was filed in this court. The amendment corrects the original notice in the two particulars wherein it was defective.

We have heretofore in a case in Dayton refused to sustain a motion to dismiss an appeal wherein the notice was not explicit in defining the order or judgment from which the appeal was taken. This notice, however, was not defective in that it failed to indicate the type of appeal which was to be prosecuted.

In view of the liberal attitude of the Supreme Court in the construction of the New Appellate Code we are of opinion that the motion in this case should be overruled. The statute is specific to effect that the failure to designate the type of appeal is not jurisdictional, and we are of opinion that

the amendment as tendered in this case may be allowed within the discretion of this court. The notice of appeal is directed to the only order or judgment from which an appeal could be prosecuted. It is therefore in the interest of justice that the amendment be permitted and no prejudice will result to the appellee thereby. The cases from which the attitude of the Supreme Court is determined are as follows: **Loos v W. & L. E. Ry. Co., 134 Oh St 321; Bennett v Bennett, 134 Oh St 330; Capital Loan & Savings Co. v Biery, et, 134 Oh St 333.**

Motion will be overruled.

HORNBECK, PJ. & BARNES, J., concur. GEIGER, J., not participating.